**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

**CHARLES LOVELL MOSELEY,**

      Petitioner,

v.                                                         **Criminal Action No. 2:99cr94
                                                       Civil Action No. 2:06cv5**

**UNITED STATES OF AMERICA,**

      Respondent.

**OPINION and ORDER**

Pending before the court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("the petition"), filed by Charles Lovell Moseley ("the petitioner") on December 30, 2005. The petitioner, in reliance on United States v. Booker, 125 S. Ct. 738 (2005), claims that his sentence was unconstitutional because it was enhanced based on factors not admitted by the defendant nor found by a jury. The court determines that it lacks jurisdiction over the petitioner's motion, as it is in reality a successive request for relief pursuant to 28 U.S.C. § 2255. Accordingly, the instant motion is **DISMISSED**.

I. Background

On June 14, 1999, the petitioner was indicted on two counts, distribution of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1), and carrying a firearm during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1). On August 18, 1999, the petitioner entered into a plea agreement with the government and pled guilty to distribution of cocaine base. On April 7, 2000, after having denied petitioner's request to

withdraw his guilty plea, the court sentenced the petitioner to 380 months imprisonment. On March 19, 2001, the petitioner filed his first section 2255 petition, which this court denied on September 19, 2001.  On November 19, 2001, this court also denied the petitioner's subsequent motion to reconsider his section 2255 petition. The petitioner appealed, but the Fourth Circuit denied him a certificate of appealability and dismissed the appeal. The petitioner filed the instant petition on December 30, 2005. Because this matter is one that can be addressed without the assistance of the United States, this court has not ordered the United States to respond. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 4(b).  Thus, this matter is now ripe for review.

## II. Discussion

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. See 28 U.S.C. § 2255. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), made substantial changes to 28 U.S.C. § 2255.  The AEDPA includes stringent limitations on the filing of successive section 2255 petitions and assigns a "gatekeeping" function for the screening of habeas petitions.  See Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction). A successive 2255 motion must be certified by the Court of Appeals. 28 U.S.C. § 2255.  Section 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  "In order for these

limitations to be effective, courts must not allow prisoners to circumvent them by attaching labels other than 'successive application' to their pleadings." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)).

In the absence of pre-filing authorization from the Court of Appeals, the district court lacks jurisdiction to consider a successive section 2255 motion. See Winestock, 340 F.2d at 205. Such authorization will only be granted if the Court of Appeals certifies that the successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The petitioner claims that he is entitled to relief based on the new rule of constitutional law announced in Booker, which was previously unavailable to him. Specifically, the petitioner claims that enhancements based on drug weights, a firearm, and first degree murder were unconstitutional because the facts supporting such enhancements were not admitted by the defendant nor found by a jury. However, the court notes that the defendant was not attributed with an enhancement for first degree murder as evidenced by the revisions to the PSR and the transcript to his sentencing hearing, which shows that the parties agreed that the defendant should not receive such enhancement. (Sentencing Tr. at 10 l.18-25). As to the other enhancements, in United States v. Morris, 429 F.3d 65 (4th Cir. 2005), the Fourth Circuit held that, although Booker announced a new rule, it is not retroactive on collateral review. See also United States v. Gentry, 432 F.3d 600, 601 (5th Cir. 2005);

United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005); Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005); Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. May 17, 2005); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); McReynolds v. United States, 398 F.3d 479, 481 (7th Cir. 2005). Hence, the petitioner's reliance upon the rule outlined in Booker is misplaced. Accordingly, in the absence of certification by the Fourth Circuit, the district court lacks jurisdiction to consider this successive collateral review application. Winestock, 340 F.2d at 205.

III. Conclusion

As the petitioner has not obtained the appropriate certification from the Court of Appeals, the court finds that he is barred from filing a successive section 2255 motion. Accordingly, the petition must be **DISMISSED** because the court lacks jurisdiction to entertain it. Id. at 207.

The petitioner is **ADVISED** that he may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 2, 2006